## UNITED STATES v. HENRY DREW & CO.
### No. 10729.

United States Court of Appeals
Sixth Circuit.

Feb. 17, 1949.

Claude P. Stephens, of Lexington, Ky. (Josephine H. Klein, of Washington, D. C., on the brief), for appellant.

Charles I. Dawson, of Louisville, Ky. (Bullitt, Dawson & Tarrant, of Louisville, Ky., of counsel), for appellee.

Before ALLEN, MARTIN, and MILLER, Circuit Judges.

## PER CURIAM.

Upon consideration of the opening statement of counsel and the stipulation of facts,

556

the district court dismissed a complaint of the Price Administrator of the O.P.A., filed against the appellee corporation to recover $63,020.10, being treble the alleged excess over legal maximum prices received for deliveries by the appellee of whiskey to retail liquor dealers.

While the facts as revealed by the stipulation involve complicated transactions between the expiration at midnight of June 30, 1946, of the first Emergency Price Control Act of 1942, as amended, 50 U.S.C., App.Supp. V, secs. 901 et seq., 50 U.S.C.A. Appendix, § 901 et seq., and the Price Control Extension Act of July 25, 1946, 60 Stat. 664, extending price and rent controls as if the new Act had been enacted on June 30, 1946, and reinstating controls in effect before expiration of the original statute, as amended, we think, as did the district judge, that the purchase and resale by the appellee of the whiskey in the manner shown did not constitute a violation of law.

If the transactions concerning the warehouse receipts had taken place during the existence of the original Act, as amended, and before its expiration, there would have been a violation of the regulations affecting ceiling prices relating to warehouse receipts; but, in the interim during which the Emergency Price Control Act was not operative, these transactions relating to warehouse receipts were lawful. The Act of July 25, 1946, expressly provided that no act or transaction occurring subsequent to June 30, 1946, and prior to the reenactment of the Emergency Price Control Act on July 25, 1946, should be deemed to be a violation of the Emergency Price Control Act. The transactions during the hiatus period by which the appellee acquired the whiskey, which he resold, had been fully consummated as separate transactions and the sales and deliveries of the extra allotment of case whiskey which appellee received from the distillery and sold to his participating customers at O.P.A. ceiling prices in accordance with his agreement cannot, in our judgment, be properly tied in with his transactions concerning the warehouse receipts. This being true, inasmuch as he sold to his participating customers liquor delivered at lawful prices after the reenactment of the Emergency Price Control Act on July 25, 1946, he has not violated the law.

Fully accepting the binding authority of Fleming v. Rhodes, 331 U.S. 100, 67 S.Ct. 1140, 91 L.Ed. 1368, we find nothing in the holding or opinion in that case to gainsay the conclusion which we have reached. The summary judgment of the district court, dismissing the complaint, is accordingly affirmed.